**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| AGUSTIN SANTOS-PINEDA; GLORIA SANTOS, | No. 13-56298 |
| Petitioners - Appellants, | D.C. No. 2:10-cv-06285-MMM |
| v. | MEMORANDUM[*] |
| KERI C. AXEL, United States Deputy District Attorney; et al., | |
| Respondents - Appellees, | |
| And | |
| JAMES TORO; et al., | |
| Respondents. | |

Appeal from the United States District Court
for the Central District of California
Margaret M. Morrow, District Judge, Presiding

Submitted October 14, 2015[**]

Before:    SILVERMAN, BERZON, and WATFORD, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Agustin Santos-Pineda and Gloria Santos ("Appellants") appeal pro se from the district court's order granting in part and denying in part their motion for return of property. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion. *United States v. Comprehensive Drug Testing, Inc.*, 621 F.3d 1162, 1172 (9th Cir. 2010) (en banc) (per curiam). We affirm.

The district court did not abuse its discretion in denying in part Appellants' motion for return of property because Appellants were either not entitled to the lawful possession of the property or the property was contraband. *See United States v. Van Cauwenberghe*, 934 F.2d 1048, 1061 (9th Cir. 1991) (motion for return of property "may be denied if the [party] is not entitled to lawful possession of the seized property" or "the property is contraband").

The district court did not abuse its discretion in denying Appellants' motion for reconsideration because Appellants failed to demonstrate any grounds for relief. *See Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and explaining circumstances warranting reconsideration); *see also Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001) ("[A] party that fails to introduce facts in a motion or opposition cannot introduce them later in a motion to amend by

claiming that they constitute 'newly discovered evidence' unless they were previously unavailable." (citation omitted)).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

All pending motions and requests are denied.

**AFFIRMED.**